**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHYNETHIA GRAGG<br>Plaintiff,<br><br>v.<br><br>CRE DEVELOPMENT CAPITAL, LLC, PHOENIX OPPORTUNITY ZONE FUND, LLC, PHOENIX OPPORTUNITY ZONE FUND, LLC, (the "Fund"), DWIGHT ALEXANDER, LAWRENCE JATSEK, KURT MAGNUM, KEVIN BLACKBURN, GENE BLUE, THUNDERBIRD LEGACY DEVELOPMENT, AENEAS VENTURE PARTNERS 4, LLC, JOSEPH VILLASENOR, ARIZONA OPPORTUNITY INDUSTRIALIZATION CENTER ("ARIZONA OIL"), UNITED STATES AND EXCHANGE COMMISSION, UNITED STATES DEPARMTENT OF THE TREASURY, and DOES 1-50),<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:25-CV-06226 |

**DEFENDANTS KURT MANGUM AND KEVIN BLACKBURN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2), (b)(6)**

Defendants Kurt Mangum[1] and Kevin Blackburn file this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), seeking dismissal of Plaintiff's claims against them.

[1] Mr. Mangum is incorrectly named as Mr. Magnum.

## I. NATURE AND STAGE OF THE PROCEEDING

1. This dispute purportedly relates to a planned but failed development of the Fairmont Hotel and Condominiums in Phoenix, Arizona ("Fairmont Project") that Plaintiff [2] alleges she invested in. On December 22, 2025, Plaintiff sued 14 named defendants and 50 unnamed defendants. Plaintiff repeatedly refers to "Defendants" and "Private Defendants" but does not define which of the 64 named defendants are included or excluded. Because it is difficult to assess which claims Plaintiff is supposedly pursing against Mr. Blackburn or Mr. Mangum, they address each of Plaintiff's cause of action unless it is clear that she is not asserting it against either of them. Mr. Blackburn and Mr. Mangum move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## II. SUMMARY OF THE ARGUMENTS

2. The Court lacks general and specific personal jurisdiction over Mr. Blackburn and Mr. Mangum because they do not have sufficient minimum contacts with this forum for general jurisdiction to obtain. Mr. Blackburn is a resident of California and does not systematically or continuously do business in Texas. Mr. Mangum is a resident of Arizona and neither systematically nor continuously does business in Texas. Additional, neither Mr. Blackburn nor Mr. Mangum have engaged in any business transactions or negotiations to do business with Plaintiff—including the transaction made the subject of this lawsuit. The only apparent connection to Texas alleged in the Complaint is that Cyhnethia Gragg, sole managing member of OEG Properties, LLC, seemingly resides in Desoto, Texas, *see* ECF 1 at 27 (signature block of

---

[2] Underscoring how far-removed Mr. Blackburn and Mr. Mangum are from the allegations asserted in this lawsuit, it is unclear to them who is suing them. The Original Complaint identifies the "Plaintiff" in this lawsuit as "Cyhnethia Gragg" in the case caption but also as "OEG Properties, LLC" under "Parties." Because it is unclear who brings this suit, Mr. Blackburn and Mr. Mangum refer to the prosecuting party as "Plaintiff."

Complaint). Plaintiff has not provided allegations sufficient to invoke personal jurisdiction over Mr. Blackburn or Mr. Mangum.

3. Plaintiff fails to state a claim against either Mr. Blackburn or Mr. Mangum where she does not allege a single factual allegation against them. In fact, Plaintiff only mentions Mr. Blackburn and Mr. Mangum by name in the case caption and the following introductory paragraph restating the named defendants. Notably, Plaintiff does not mention Mr. Blackburn or Mr. Mangum in the "Parties" section of her Complaint. *See* ECF 1 at ¶ III. This failure renders her Complaint deficiencies under Federal Rules of Civil Procedure 12(b)(6) and 8(b).

4. Plaintiff's cause of action for violation of the Securities Exchange of 1934 ("the 1934 Act") does not satisfy the obligation under Section 10(b) of the Act to plead securities fraud with "high specificity" or her reasonable reliance. Likewise, Plaintiff's claim under the 1934 Act does not the heightened pleading standard under Federal Rule of Civil Procedure 9(b).

5. Plaintiff cannot state a claim against Mr. Blackburn or Mr. Mangum for common law fraud because she attributes no alleged intentional, material misrepresentation either of them made, her subsequent reliance, or any damages she sustained as a result of the alleged misrepresentation.

6. Mr. Blackburn and Mr. Mangum are entitled to dismissal of Plaintiff's claim under the Texas Securities Act because she does not allege that they sold her a security or made any material misrepresentations to her upon which she relied.

7. Plaintiff's causes of action for wire fraud under 18 U.S.C. § 1343 and main fraud under 18 U.S.C. § 1341 are barred because these criminal statutes do not create a private right of action.

8. Plaintiff's claim for breach of fiduciary duty fails because Plaintiff does not allege the existence of a duty Mr. Blackburn or Mr. Mangum owed her or how they breached a duty owed and caused damages to her.

9. Finally, Plaintiff's claim for unjust enrichment should be dismissed because there are no specific allegations of what benefit was obtained, or how such benefit was obtained based on fraud or other wrongful actions.

## III. ARGUMENT

### A. The Legal Standards.

1. <u>Personal Jurisdiction</u>

When assessing personal jurisdiction, a court must answer this question by "first determin[ing] whether the long arm statute of the forum state permits exercise of jurisdiction[,] … then determine[ing] whether such exercise comports with due process." *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). "The Texas long-arm statute extends to the limits of the Constitution," and a Texas court's inquiry is therefore limited to the reach of the Fourteenth Amendment's Due Process Clause." *Stroman Realty, Inc. v. Antt*, 528 F.3d 382, 385 (5th Cir. 2008). "The Fourteenth Amendment allows a court to assert personal jurisdiction over defendants who have meaningful 'contacts, ties, or relations' with the forum state. Such contacts can give rise to general or specific jurisdiction." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). However, the Fourteenth Amendment also "limit[s] the power of a State to assert in personam jurisdiction over a nonresident defendant." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-414 (1984) (*citing Pennoyer v. Neff*, 95 U.S. 714 (1878)).

Where a defendant has "'continuous and systematic general business contacts' with the forum state, the forum may exercise general personal jurisdiction over the defendant. *Stroman*, 528 F.3d at 385 (quoting *Helicopteros*, 466 U.S. at 415 n. 9) (finding the Texas district court

improperly exercised general jurisdiction over officials from California and Florida who did not have an office in Texas or sufficient contacts with Texas giving rise to general jurisdiction). If a Defendant's contacts "are less pervasive, courts may exercise 'specific jurisdiction' in 'a suit arising out of or related to the defendant's contact with the forum.'" *Id.* (quoting *Helicopteros*, 466 U.S. at 415 n. 9).

The plaintiff bears the burden of proof to demonstrate personal jurisdiction. *Nuovo Pignone, PsA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002); *Elly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000). Courts in the Fifth Circuit evaluate whether exercise of both general and specific personal jurisdiction is consistent with the Due Process Clause by applying a three-part test, considering:

> (1) [W]hether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Nuovo Pignone*, 310 F.3d at 378 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). If a defendant's contacts with the forum state are insufficient to satisfy the requirements of the Due Process Clause of the Fourteenth Amendment, the court must dismiss the case for lack of personal jurisdiction. *Id.*

2. <u>Rule 12(b)(6)</u>

10. Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a claim if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

11. To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the facts must provide "sufficient information to outline the elements of the pleader's claim." *Matta v. May*, 888 F. Supp. 808, 813 (S.D. Tex. 1995). And "[i]f a complaint omits facts concerning pivotal elements of the pleader's claim, the court is justified in assuming the nonexistence of such facts." *Id.*

12. The heightened pleading standards for fraud require that when alleging fraud, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

13. In ruling on a Rule 12(b)(6) motion, the court must (1) identify allegations that, because they are merely conclusions, are not entitled to an assumption of truth, and (2) consider the factual allegations to determine if they plausibly suggest a claim for relief. *Iqbal*, 556 U.S. at 679. The Court should dismiss Plaintiff's claims against Mr. Blackburn and Mr. Mangum under Rule 12(b)(6) because Plaintiff failed to provide fair notice of the nature of the claims and plausible factual allegations to support the claims. *Id.* at 678.

**A. The Court does not have general or specific personal jurisdiction over Mr. Blackburn or Mr. Mangum.**

14. There is no general or specific jurisdiction over Mr. Blackburn. Mr. Blackburn is a resident of Oakland, California. *See* Exhibit A at ¶ 2. Mr. Blackburn has never owned real or personal property in Texas. *Id.* at ¶ 4. Mr. Blackburn does not maintain any mailing addresses, phone numbers, bank accounts, or insurance policies in the forum state. *Id.* at ¶ 4. Mr. Blackburn has never worked in Texas. *Id.* Because Mr. Blackburn does not have sufficient "minimum contacts" with this forum, there is not general jurisdiction over him in this lawsuit. *See Burger King*, 471 U.S. at 476.

15. Tellingly, Mr. Blackburn has never even communicated with Plaintiff. *Id.* at ¶ 5. Under these circumstances, specific jurisdiction over Mr. Blackburn does not exist. Mr. Blackburn has never communicated with Plaintiff regarding the planned construction of the Fairmont Hotel and Condominiums. *Id.* Nor has Mr. Blackburn entered into any contracts with Plaintiff. *Id.* He has never purchased or sold anything to Plaintiff or otherwise had any business dealings with her, including those arising from her allegations in this lawsuit regarding the planned construction of the Fairmont Project. *Id.* Under U.S. Supreme Court precedent, this is insufficient to confer specific jurisdiction over Mr. Blackburn because this suit does not "arise[] out of or relate to" any contacts with Texas. *See Helicopteros*, 466 U.S. at 415 n.9. The Court does not have specific jurisdiction over Mr. Blackburn.

**B. <u>The Court does not have personal jurisdiction over Mr. Mangum.</u>**

Like Mr. Blackburn, there is no general or specific jurisdiction over Mr. Mangum. Mr. Mangum has never owned real or personal property in Texas. *See* Exhibit B at ¶ 4. Mr. Mangum resides in Phoenix, Arizona. *Id.* at ¶ 2. Mr. Blackburn does not maintain any mailing addresses, phone numbers, bank accounts, or insurance policies in Texas. *Id.* at ¶ 4. Mr. Blackburn has never worked in Texas. *Id.* In the absence of systematic and continuous to purposefully avail himself of the laws of Texas, there are not sufficient "minimum contact" with this forum to exercise general jurisdiction over Mr. Mangum. *See Burger King*, 471 U.S. at 476.

There is no specific jurisdiction over Mr. Mangum. Mr. Mangum has never communicated with Plaintiff regarding the planned construction of the Fairmont Project. Ex. B at ¶ 5. Mr. Mangum has not entered into any contracts or agreements with Plaintiff. *Id.* He has never transacted with Plaintiff, including having never bought anything from Plaintiff or sold anything to her. Bringing this suit against Mr. Mangum is Texas is misguided and unsupported by law or fact. Since there is no personal or specific jurisdiction over him, dismissal is required.

**C. <u>Plaintiff has not presented sufficient allegations to state a claim for violations for fraud under the Act or at the common law (Counts I and IV)</u>.**

16. Mr. Blackburn and Mr. Mangum also move to dismiss Plaintiff's lawsuit against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff claims that "All Private Defendants" committed securities fraud and violated Section 10(b) of the Act and Securities Exchange Act Rule 10b-5 when they allegedly "knowingly or recklessly made false and misleading statements and omitted material facts in connection with the offer, sale, and management of the Phoenix Opportunity Zone Fund LLC and related entitles." ECF 1 at ¶ 83. Plaintiff fails to allege securities fraud against Mr. Blackburn or Mr. Mangum with the requisite specificity under Rule 9(b).

17. "Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Bennett v. Medtronic, Inc.*, 747 F. Supp. 2d 745, 761 (S.D. Tex. 2010) (Rosenthal, J.) (False Claims Act) (citing *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). To satisfy this requirement, the pleader must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id*. "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Sanderson v. Allstate Fire & Cas. Ins. Co.*, No, CV H-22-3536, 2023 WL 417478, at *2 (S.D. Tex. Jan. 25, 2023) (Rosenthal, J.). "The Fifth Circuit applies Rule 9(b) to fraud complaints with bite and without apology." *Cole v. C.R. Bard, Inc.*, No. 4:20-CV-01630, 2021 WL 784661, at *5 (S.D. Tex. Feb. 11, 2021), *report and recommendation adopted*, No. 4:20-CV-01630, 2021 WL 784136 (S.D. Tex. Feb. 26, 2021).

18. Plaintiff does not allege that Mr. Blackburn or Mr. Mangum made any representations, let alone misrepresentations, in connection with the Fairmont Project. Indeed, she

does not allege ***any*** communications to or from Mr. Blackburn or Mr. Mangum. The paucity of factual allegations cannot survive Rule 12(b)(6) or Rule 8.

**D. Plaintiff's wire fraud and mail fraud claims (Counts II and III) fail because they do not create a private right of action and, if they did, Plaintiff has not stated a claim against Mr. Blackburn or Mr. Mangum.**

19. Plaintiff alleges that "Defendants" used interstate communications to transmit false offering materials, K-1 statements, and directions for investor funds in violation of 18 U.S.C. § 1343. ECF 1 at ¶ 85. She also avers that "Defendants used the U.S. mail and commercial carriers to send subscriptions agreement, project updates, and tax documents containing false or misleading information" in violation of 18 U.S.C. § 1341. *Id.* at ¶ 87.

20. Sections 1341 and 1343 "are federal mail and wire fraud criminal statutes available to the United States for criminal prosecution, but they do not generally provide a basis for a private, civil cause of action." *Wolfford v. Frisby*, 2025 WL 1042716, at *1 (E.D. Tex. Apr. 7, 2025) (*citing Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1969) ("the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.") (quoting *Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979)). The Fifth Circuit has expressly held that there is no private right of action under either 18 U.S.C. §§ 1341 or 1343. *See Bell v. Health-Mor, Inc.*, 549 F.2d 342, 246 (5th Cir. 1977) (holding that any private right of action under 18 U.S.C. § 1341 is foreclosed); *Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974) (holding that 18 U.S.C. § 1343 does not provide a private right of action for civil litigants). Plaintiff's claims under §§ 1341 and 1343 are frivolous and should be dismissed. *See Wolfford*, 2025 WL 1042716, at *1 (analyzing wire fraud and mail fraud allegations and concluding "plaintiff's complaint should be dismissed as frivolous and for failure to state a claim.").

Plaintiff's §§ 1341 and 1343 claims should be dismiss for the independent reason that she does not allege that either Mr. Blackburn or Mr. Mangum transmitted any electronic communications to her.

**E. The breach of fiduciary duty claim (Count V) against Mr. Blackburn and Mr. fails because Plaintiff does not allege the existence of an independent duty owed to her.**

21. Plaintiff brings a claim for breach of fiduciary duty "Against Fund Managers and Controlling Persons." ECF 1 at ¶ 91. Neither Mr. Blackburn or Mr. Mangum are alleged to be "Fund Managers" or "Controlling Persons." Plaintiff asserts that "certain Defendants owed fiduciary duties of loyalty, good faith, and full disclosure to Plaintiff."[3] *Id.* She contends that those duties were breached by "misusing investor funds, concealing material information, engaging in self-dealing, and proceeding with foreclosure without notice," but nothing else *Id.* at ¶ 92.

22. To state a claim for breach of fiduciary duty under Arizona law, Plaintiff "must show that each Defendant owed a fiduciary duty, breached that duty, and caused damages related to the breach." *Navajo Health Found.-Sage Mem'l Hosp. Inc. v. Razaghi Dev. Co. LLC*, 800 F. Supp. 3d 955, 986 (D. Ariz. 2025), *reconsideration denied*, 2025 WL 3062638 (D. Ariz. Nov. 3, 2025) (citing *John E. Shaffer Enters. v. City of Yuma*, 183 Ariz. 428, 904 P.2d 1252, 1256 (Ariz. Ct. App. 1995)).

23. Under Texas law, "[t]he elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship must exist between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197,

---

[3] Plaintiff's Complaint does not indicate what state law, where applicable, would govern.

215 (5th Cir. 2018) (citing *Hunn v. Dan Wilson Homes, Inc*, 789 F.3d 573, 581 (5th Cir. 2015) (quoting *Graham Mortg. Corp. v. Hall*, 307 S.W.3d 472, 479 (Tex. App.—Dallas 2010, no pet.)).

24. Here, Plaintiff cannot state a claim under Arizona or Texas law. There are no allegations identifying any alleged fiduciary relationship between Plaintiff and either Mr. Blackburn or Mr. Mangum. That is certainly the case where there are no allegations of *any* relationship between them.

25. Furthermore, Plaintiff has not attributed any act to Mr. Blackburn or Mr. Mangum to demonstrate that, even if a duty did exist, either of them took any action in contravention of that duty that caused harm to her or benefit to them. As a result, Plaintiff has not stated a claim for breach of fiduciary duty under Texas or Arizona law.

**F. Plaintiff does not allege specific facts to support her claim for unjust enrichment (Count VI) and fails to meet the pleading standard.**

26. Plaintiff brings an unjust enrichment claim against "All Private Defendants." ECF 1 at ¶ 94. Texas law allows a party to recover under unjust enrichment when one person has obtained a benefit from another by fraud. *Heldenfels Bros., Inc. v. City of Corpus Christi,* 832 S.W.2d 39, 42 (Tex. 1992). The key element of unjust enrichment is that the person sought to be charged wrongly secured or passively received a benefit. *See Cohen v. Tour Partners, Ltd.*, 2017 WL 1528776, at *8 (Tex. App.—Houston [1st Dist.] Apr. 27, 2017, no pet.).

27. Arizona law requires "proof of (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy at law." *Murphy v. Woomer*, 250 Ariz. 256, 261, 478 P.3d 251, 256 (Ct. App. 2020), *review denied and ordered depublished*, 252 Ariz. 191, 500 P.3d 1041 (2022) (citing *Wang Elec., Inc. v. Smoke Tree Resort, LLC*, 230 Ariz. 314, ¶ 10, 283 P.3d 45 (App. 2012)).

28. There are no allegations that Mr. Blackburn or Mangum were enriched to Plaintiff's deprivation. Further, there is no allegation of the third element regarding the connection between the unalleged enrichment and impoverishment. Regarding the fourth element, Plaintiff does not contend that there was no justification for any enrichment (which she does not allege). Other than these conclusory assertion and legal conclusion, there is no specific allegation of what benefit Mr. Blackburn or Mr. Mangum obtained or how she was impoverished based on fraud or any other wrongful actions. Plaintiff has wholly failed to state a claim against Mr. Blackburn or Mr. Mangum.

## IV. CONCLUSION AND PRAYER

The Court lacks personal jurisdiction over Mr. Blackburn and Mr. Mangum because they have no connection to please and insufficient contacts with Texas. Additionally, Plaintiff has not sufficiently alleged, and cannot prove, the elements of any of the claims that she has asserted against Mr. Blackburn or Mr. Mangum. Further, in claims alleging fraud and in those involving securities, Plaintiff fails to meet the heighted standards required for such claims under Federal Rule of Civil Procedure 9(b).

For these reasons, Mr. Blackburn and Mr. Mangum respectfully request that the Court grant this Motion and dismiss Plaintiff's claims against them.

*Remainder left blank intentionally*

Dated: February 20, 2026.

Respectfully submitted,

By: */s/ Jamie L. Houston*

Jamie L. Houston
State Bar No. 24097847
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, TX 77002-6336
Telephone: 713-226-6608
Facsimile: 713-226-6255
jhouston@porterhedges.com

**ATTORNEY FOR DEFENDANTS**
**KEVIN BLACKBURN AND KURT MANGUM**

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF. A separate copy of the foregoing was emailed to Plaintiff Chynethia Gragg via email at cgragg@hotmail.com.

*/s/ Jamie L. Houston*
Jamie L. Houston