**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

CHYNETHIA GRAGG,
Plaintiff,

v.

CRE DEVELOPMENT CAPITAL, LLC;
PHOENIX OPPORTUNITY ZONE FUND, LLC;
DWIGHT ALEXANDER;
LAWRENCE JATSEK;
KURT MANGUM;
KEVIN BLACKBURN;
GENE BLUE;
THUNDERBIRD LEGACY DEVELOPMENT;
AENEAS VENTURE PARTNERS 4, LLC;
JOSEPH VILLASENOR;
ARIZONA OPPORTUNITY
INDUSTRIALIZATION CENTER
("ARIZONA OIC");
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION;
UNITED STATES DEPARTMENT OF
THE TREASURY;
and DOES 1–50,
Defendants.

§ § § § § § § § § § § § § § § § § § § § § § § § § § §

**Civil Action No. <u>4:25-cv-06226</u>**

United States Courts
Southern District of Texas
FILED
MAR 0 6 2026
Nathan Ochsner, Clerk of Court

**<u>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS AENEAS VENTURE PARTNERS 4, LLC AND JOSEPH VILLASENOR'S MOTION TO DISMISS</u>**

TO THE HONORABLE COURT:

Plaintiff Chynethia Gragg files this Response in Opposition to the Motion to Dismiss filed by Defendants Aeneas Venture Partners 4, LLC ("Aeneas") and Joseph Villasenor. (ECF 16).

## I. INTRODUCTION

Defendants attempt to characterize themselves as passive lenders whose only involvement with the development located at 39 E. Jackson Street in Phoenix, Arizona was a routine creditor remedy.

That characterization asks the Court to disregard the pleaded facts and draw inferences in Defendants' favor something that is impermissible at the Rule 12(b)(6) stage.

This case arises from a coordinated investment structure involving:

1. Capital raised from investors across multiple jurisdictions;
2. Representations that the Fairmont Hotel and Suites development would proceed at 39 E. Jackson Street;
3. Failure to deploy investor funds toward that development as represented;
4. A transfer of the property from Thunderbird Legacy Development to Aeneas
5. Venture Partners 4 LLC for approximately $17.2 million; and
6. The elimination of outside investor equity while the same aligned participants position themselves to proceed with the project.

At this stage, the Court is not asked to determine whether Plaintiff has proven coordinated misconduct.

The only question is whether the Complaint plausibly alleges it.

It does.

## II. RULE 12(b)(6) STANDARD

A complaint survives dismissal if it contains sufficient factual matter to state a claim that is plausible on its face.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Courts must accept well-pleaded facts as true and draw reasonable inferences in favor of the plaintiff.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court may not resolve competing factual narratives at the pleading stage.

## III. PLAINTIFF PLAUSIBLY ALLEGES COORDINATED ENTERPRISE CONDUCT

Plaintiff alleges coordinated conduct tied to a single development project:

1. Investors were solicited to fund the Fairmont Hotel development at 39 E. Jackson Street;
2. Investor capital was contributed for that development;
3. The development did not proceed as represented;
4. The property was later transferred from Thunderbird Legacy Development to Aeneas Venture Partners 4 LLC for approximately $17.2 million; and
5. Investor interests were extinguished while the same development opportunity remained available to aligned participants.

Public reporting confirms that the property associated with the proposed Fairmont development was sold to Aeneas Venture Partners 4 LLC for approximately $17.2 million. See Exhibit 1.

Plaintiff alleges that this transfer eliminated investors who materially capitalized the project while allowing the development opportunity to continue under the control of aligned entities.

Defendants attempt to isolate themselves from the broader development structure. However, the Complaint alleges interconnected conduct among all named defendants.

Whether the transaction represented a legitimate creditor remedy or part of a coordinated restructuring affecting investor interests is a factual question that cannot be resolved on a motion to dismiss.

## IV. LACK OF DISCLOSURE REGARDING THE ALLEGED LOAN STRUCTURE

Plaintiff has not been provided with documentation establishing the loan structure Defendants rely upon.

Plaintiff requested clarification regarding:

1. the identity of the borrower;
2. the loan agreement and terms;
3. whether a legitimate default occurred
4. the relationship between Aeneas and the development entities; and
5. how investor equity interests were extinguished.

These requests were directed to Defendant Villasenor and later to defense counsel.

Defendants declined to provide the requested documentation.

To date, Defendants have not disclosed:

1. the borrower identity;
2. the loan agreement;
3. the payment history;
4. any notice of default;
5. any foreclosure documentation.

These documents are central to determining whether a legitimate debtor-creditor default occurred or whether the transaction functioned as a restructuring that eliminated investor interests.

## V. INFORMATION ASYMMETRY REQUIRES DISCOVERY

There is a significant information asymmetry between the parties.

The key facts necessary to evaluate the transaction including borrower identity, loan documents, payment history, and inter-entity agreements are exclusively within Defendants' possession.

Federal pleading standards do not require a plaintiff to allege facts that are uniquely controlled by defendants and unavailable without discovery.

Where the core transactional records remain undisclosed and necessary to evaluate the legitimacy of the transaction, dismissal at the pleading stage would be premature.

Discovery is required to determine:

1. the borrower associated with the loan;
2. the loan structure and terms;
3. the flow of investor funds;

4. the contractual relationships among the entities involved.

## VI. DISCOVERY IS NECESSARY

Plaintiff further submits that the relevant facts concerning the alleged loan default and subsequent transfer of the property at 39 E. Jackson Street remain exclusively within Defendants' possession. To evaluate the legitimacy of the transaction, a documentary record of the underlying financial and contractual events is necessary. This includes, but is not limited to:

1. the identity of the borrower;
2. the loan agreement and related promissory notes;
3. payment history and accounting records;
4. notices of default or foreclosure, if any;
5. documents reflecting the transfer of the property to Aeneas Venture Partners 4 LLC; and
6. contracts or agreements among the participating entities relating to the transaction.

These records would establish the paper trail necessary to determine whether the transfer of the property resulted from a legitimate debtor-creditor default or from a restructuring that extinguished investor interests. Because these materials are exclusively within Defendants' control, discovery is required before the Court can meaningfully evaluate the claims.

## VII. LEAVE TO AMEND

Even if the Court finds deficiencies in the Complaint, dismissal with prejudice would be improper.

Under *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend should be freely granted absent undue delay, bad faith, or futility.

Here:

1. the borrower identity remains undisclosed;
2. the loan structure remains opaque;
3. the relationships among the entities require factual development.

Amendment cannot be deemed futile at this stage.

## VIII. PREMATURITY OF DISMISSAL

Additionally, this matter remains at an early procedural stage. Not all defendants have appeared or responded to the Complaint, and responses from certain parties including governmental entities remain pending. The factual record is therefore incomplete. Dismissing the claims at this stage, before all parties have appeared and before the relevant transactional records have been produced, would be premature. The Court should permit the case to proceed so that the roles of the various participants and the underlying financial transactions relating to the 39 E. Jackson development can be fully developed through discovery.

## IX. CONCLUSION

Defendants ask the Court to conclude without discovery that the transfer of the property at 39 E. Jackson Street was merely a routine lender transaction unrelated to investor capital that funded the project.

Plaintiff plausibly alleges otherwise.

The Complaint raises substantial factual questions regarding:

1. borrower identity
2. loan legitimacy
3. application of investor funds

4. coordinated positioning among project participants

Those questions cannot be resolved on a motion to dismiss.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. DENY the Motion to Dismiss;
2. Alternatively grant leave to amend pursuant to Rule 15(a);
3. Permit discovery regarding borrower identity, loan documentation, fund flow, and the property transfer structure; and
4. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Chynethia Gragg

CHYNETHIA "CHYNA" GRAGG
Plaintiff, Pro Se
PO Box 450438
Houston, Texas 77245
Phone: (832) 758-5108
Email: cgragg@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2026, a true and correct copy of the foregoing Response was filed electronically with the Clerk of Court using the CM/ECF system and via electronic mail which will send notice of such filing to all counsel of record.

I further certify that the CM/ECF system will send notification of such filing to all counsel of record who have appeared in this action.

/s/ Chynethia Gragg
Chynethia Gragg

Exh. 1

traded Submit

Deals > Arizona > Industrial > Sale > **39 East Jackson Street**

Daily limit: **1/10**

**Aeneas Venture Partners 4 Acquires Industrial Warehouse In Phoenix For $17.2M From Thunderbird Legacy Development**




# $17,200,000

Arizona | See Similar Deals
Industrial | Sold 1 year ago

**the deal** **details** **comps** **related**

## Summary

ARIZONA | **Asset Type:** Industrial | **Transaction Type:** Sale

Aeneas Venture Partners 4 has acquired an industrial property located at 39 East Jackson Street in Phoenix, AZ. The sale price for the historic warehouse was $17,200,000. This transaction occurred through a foreclosure auction, where Aeneas Venture Partners 4 took over a stalled 25-story hotel and condo project originally planned by Thunderbird Legacy Development and OIC.

### Summary of transaction details:

- Property Type: Industrial
- Transaction Amount: $17,200,000
- Buyer: Aeneas Venture Partners 4
- Seller: Thunderbird Legacy Development
- Sale Date: 01/29/2025
- Market: Phoenix, AZ
- Address: 39 East Jackson Street

The deal was facilitated by the entities involved, with Aeneas Venture Partners 4 taking ownership to revitalize the site after the failure of the previous development plans. Thunderbird Legacy Development was responsible for the original project that has now transitioned to this new ownership structure.

## Details

Deal Summary

Suggestions

IMAGE: 01/29/2025
ADDRESS: 39 East Jackson Street
MARKET: Phoenix, AZ
ASSET TYPE: Industrial

BUYER: Aeneas Venture Partners 4
SELLER: Thunderbird Legacy Development

SALE PRICE: **$17,200,000**

NOTE: Aeneas Venture Partners 4 acquired a historic warehouse in Downtown Phoenix for $17.2M through a foreclosure auction, taking over a stalled 25-story hotel and condo project originally planned by Thunderbird Legacy Development and OIC.


## Stay in the Know

Subscribe for insider commercial real estate news, deal highlights, and market insights—delivered straight to your inbox.

Email
Enter your email

Select markets
Phoenix

**Subscribe**

By subscribing, you agree to our Terms of Service and Privacy Policy.

2028 Democratic nominee for President? Kalshi
- Gavin Newsom **27%**
- Alexandria Ocasio-Cortez **9%**
- Josh Shapiro **7%**






Arizona Senate winner? (2028) Kalshi
- Democratic party **73%**
- Republican party **27%**

2028: Who will win the Presidency, House, and Senate? Kalshi
- Democratic Sweep **39%**
- Republican Sweep **22%**
- D-House, R-Senate, D-President **21%**

2028 Republi nominee for
- J.D. Vance 42
- Ron DeSantis

Suggestions


## Similar Deals

**Comps** 10 **By Market** 10

These are similar deals based on proximity and similarity to the subject deal.




ARBOR Growing Financial Partnerships For Over 30 Years.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHYNETHIA GRAGG,<br>Plaintiff,<br><br>v.<br><br><br><br><br>CRE DEVELOPMENT CAPITAL, LLC;<br>PHOENIX OPPORTUNITY ZONE FUND, LLC;<br>DWIGHT ALEXANDER;<br>LAWRENCE JATSEK;<br>KURT MAGNUM;<br>KEVIN BLACKBURN;<br>GENE BLUE;<br>THUNDERBIRD LEGACY DEVELOPMENT;<br>AENEAS VENTURE PARTNERS 4, LLC;<br>JOSEPH VILLASENOR;<br>ARIZONA OPPORTUNITY<br>INDUSTRIALIZATION CENTER<br>("ARIZONA OIC");<br>UNITED STATES SECURITIES AND<br>EXCHANGE COMMISSION;<br>UNITED STATES DEPARTMENT OF<br>THE TREASURY;<br>and DOES 1–50,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:25-cv-06226** |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Before the Court is the Motion to Dismiss filed by Defendants Aeneas Venture Partners 4, LLC and Joseph Villasenor.

Having considered the Motion, Plaintiff's Response, and the applicable law, the Court finds that Plaintiff has alleged sufficient facts to state plausible claims for relief.

The Court further finds that dismissal at this stage would be premature given the need for factual development regarding the financial structure and transaction underlying the property transfer at 39 E. Jackson Street.

IT IS ORDERED that Defendants' Motion to Dismiss is **DENIED**.

SIGNED this ___ day of __________, 2026.

______________________________

LEE H. ROSENTHAL
UNITED STATES DISTRICT JUDGE