**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHYNETHIA GRAGG, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-6226 |
| | § | |
| CRE DEVELOPMENT CAPITAL, LLC, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The plaintiff, Chynethia Gragg, has filed a motion for clerk's entry of default and a motion for default judgment against CRE Development Capital LLC. (Docket Entry Nos. 42, 43). Gragg asserts that she served the summons on Heather Greyson, "the Managing Agent employed by the registered agent." (Docket Entry No. 42 at 2). The summons were served in Delaware. (*Id.*). Gragg sent her motion for default judgment to CRE at the same Delaware address via certified mail. (Docket Entry No. 60).

The court denies the motions. First, Gragg did not file a supporting affidavit, which is sufficient grounds to deny the motion for default. *See, e.g.*, *Ellis v. Clarksdale Public Utilities*, No. 4:20-CV-32-DMB-JMV, 2020 WL 6708758, at *2 (N.D. Miss. Nov. 13, 2020); FED. R. CIV. P. 55(a). Second, Gragg has not shown that Grayson is a proper party to accept service on behalf of CRE Development. *See Guillory v. Denny's, Inc.*, No. 4:24-cv-04099, 2025 WL 581456, at *2 (S.D. Tex. Feb. 5, 2025). Without evidence of proper service of process, this court lacks personal jurisdiction over a defendant and it cannot enter default judgment against that defendant. *See Rogers v. Hartford Life Ins. & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999).

The motion for clerk's entry of default and a motion for default judgment against CRE Development Capital LLC are denied.  (Docket Entry Nos. 42, 43).

SIGNED on June 3, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge