United States District Court
Southern District of Texas
**ENTERED**
June 12, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHYNETHIA GRAGG, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-6226 |
| | § | |
| CRE DEVELOPMENT CAPITAL, LLC, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Chynethia Gragg has sued more than a dozen named defendants arising out of her unsuccessful investment in a real estate development project in Phoenix, Arizona. (Docket Entry No. 1). Among those defendants are the U.S. Securities and Exchange Commission and the U.S. Department of the Treasury, the only federal government defendants named. (*Id.*). The SEC and the Treasury have moved to dismiss, arguing that Gragg lacks standing, that sovereign immunity bars her claims, and that she fails to state a claim under Rule 12(b)(6). (Docket Entry No. 57).

First, the court agrees that Gragg lacks standing for the relief she requests against the SEC and the Treasury. Her general confusion about the regulatory framework is not a concrete injury that provides her with Article III standing. *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 825 (5th Cir. 2022) ("[T]he state of confusion, absent more, is not a concrete injury under Article III."). That *other* investors are allegedly at risk of future harm does not provide Gragg with Article III standing for declaratory and injunctive relief, either; standing is personal. *See Stringer v. Whitley*, 942 F.3d 715, 720–21 (5th Cir. 2019). Nor can Gragg's past harm provide her with standing for prospective relief. *Id.* at 720. Gragg has not alleged a redressable ongoing

or future concrete harm to herself from these defendants. *See The Inclusive Cmtys. Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019). In addition, Gragg has identified no clear agency action under 5 U.S.C. § 702, and although Gragg argues that the APA's waiver of sovereign immunity applies, "the APA does not authorize courts to compel discretionary supervisory or investigative action; such choices are presumptively committed to agency discretion." *Pease v. Sec. & Exch. Comm'n*, 821 F. Supp. 3d 731 (W.D. Tex. 2026). Gragg's response brief, which merely asserts that the decision not to investigate her claims was not a discretionary choice, (Docket Entry No. 64 at 8–9), cites no case law and is not persuasive.

Gragg's proposed amended complaint does not cure these deficiencies. The court grants the SEC and Treasury's motion to dismiss under Rule 12(b)(1) and does not reach the merits. *See Ruiz v. Brennan*, 851 F.3d 464, 472 (5th Cir. 2017). The SEC and Treasury do not need to appear at the initial conference reset for June 15, 2026, unless they would like to do so.

SIGNED on June 11, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge